

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00404-CV

---

**IN THE ESTATE OF CHESTER FREEMAN YOUNGBLOOD, DECEASED**

On Appeal from the County Court at Law No. 1
Randall County, Texas
Trial Court No. 2017-091-P, Honorable James Anderson, Presiding

September 24, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

By her motion for en banc rehearing, Appellee, Debby Kay Youngblood, contends this Court's earlier opinion and judgment are in error because the 2016 Will of Chester Youngblood, Deceased, was presented four years after the death of the decedent and therefore was ineligible for admission to probate. We deny the motion for en banc hearing because the motion did not address the standard for en banc consideration as required by the appellate rules. TEX. R. APP. P. 49.5; 41.2(c) ("En banc consideration of a case is not favored and should not be ordered unless necessary to secure or maintain uniformity of the [C]ourt's decisions or unless extraordinary circumstances require en banc consideration."). For other reasons, we find the rendition of judgment admitting the 2016

Will to probate was premature, and we withdraw our original opinion and judgment dated June 27, 2025, and, in lieu thereof, we issue the following opinion.[1]

This case has all the makings of a legal riddle: two Debras, two wills, and one key question—does a witness to a will need to know it's a will to validly witness the signing of it? The trial court thought so and tossed the 2016 Will aside. We disagree. The law requires witnesses to observe a signature—not to understand the legal significance behind it. Because the statutory requirements were otherwise satisfied, we hold the 2016 Will is valid and reverse the trial court's judgment.

Appellants, Tyra Natasha Harris and Debra Ann Youngblood (the "Will Contestants"), challenge a judgment from a will contest in favor of Appellee, Debby Kay Youngblood, f/k/a Debra Kay Youngblood. The Will Contestants claim the trial court erred by: (1) finding the will they submitted for probate was not valid; and (2) admitting medical correspondence from the Veterans Administration (the "VA") by overruling a hearsay objection. We reverse, render, and remand for further proceedings.

---

[1] In her motion for en banc rehearing, Debby Kay argues the 2016 Will is not entitled to be probated because the application was untimely according to the fourth written finding in the trial court's judgment:

> Four (4) years has elapsed since the date of Decedent's [sic] death and the filing of the Cross-Application [sic].

Yet, the trial court made the following statements regarding the timeliness of the application to probate the 2016 Will:

> Regarding the filing of the [2016 Will], obviously seven years is far too long. . . . There's really no reason why it wasn't done so there is evidence there to find that it was untimely. **_I'm not saying I'm finding that._** I'm just saying the evidence is clear that there is no excuse as to why it was not filed in a timely fashion.

(Emphasis added). Because it is not clear whether the trial court made the finding the application of the 2016 Will was untimely, we find it necessary to remand this matter back to the trial court to determine whether the 2016 Will is entitled to be admitted to probate.

**BACKGROUND**

In 2016, Chester Freeman Youngblood, a 90-year-old World War II veteran and former Amarillo resident, died in Tulsa, Oklahoma under the care of his daughter, Debra Ann Youngblood, and granddaughter, Tyra Harris Youngblood. Chester was married to Debby Kay Youngblood at the time of his death. Debra Ann is a daughter of Chester's former wife and is not related to Debby Kay by blood.

In March 2017, Debby Kay filed an application to probate Chester's will as a muniment of title in Randall County, Texas, where the couple resided prior to his death. The will presented by Debby Kay was executed by Chester in 2009 (the "2009 Will"). A year later, Debra Ann and her daughter, Tyra, contested the Will presented by Debby Kay. Debra Ann and Tyra alleged Chester executed a new will in 2016 (the "2016 Will") which revoked the 2009 Will. Apparently, due to some family issues, including COVID restrictions, they were unable to file a copy of the 2016 Will until 2023. The parties engaged in discovery in preparation for a trial on the merits, and Debby Kay moved for and obtained copies of correspondence between Chester and the VA.

The litigants did not request a jury, and the will contest was submitted to a bench trial. During the trial, over the objections of Tyra and her mother, Debby Kay introduced VA correspondence showing Chester was required to appoint a fiduciary to manage his financial affairs. Additionally, Gary Pastwa, one of the witnesses to the 2016 Will, testified he did not know he was witnessing the signing of a will. At the conclusion of the trial, the trial court found the 2016 Will was not properly executed and therefore was invalid. The

3

court also found Debby Kay's 2009 Will had not been revoked by Chester and admitted the Will to probate.[2] Debra Ann and Tyra then filed this appeal.

<strong>STANDARD</strong>

A court's ruling on a probate application we review under an abuse of discretion standard. *Beevers v. Lampkins*, No. 07-11-0021-CV, 2012 Tex. App. LEXIS 3443, at *8 (Tex. App.—Amarillo May 1, 2012, no pet.) (citations omitted).

We also review a trial court's decision to admit or exclude evidence for an abuse of discretion. *George Fleming & Fleming & Assocs., L.L.P. v. Wilson*, 610 S.W.3d 18, 21 (Tex. 2020) (citing *In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005)). A court abuses its discretion when it errs in determining what the law is or applying the law to the facts, or when it could reasonably have reached only one decision on the record yet fails to do so. *PDT Holdings, Inc. v. City of Dall.*, 712 S.W.3d 597, 603–04 (Tex. 2025) (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)).

<strong>ANALYSIS</strong>

### ISSUE ONE—FINDING 2016 WILL WAS INVALID

The Will Contestants' first issue challenges the trial court's finding the 2016 Will was invalid. During the trial, the court asked Gary Pastwa, one of the subscribing witnesses to the 2016 Will, the following:

> THE COURT: So you didn't know what it was, she just said we need you to witness this?

---

[2] Tyra and her mother did not contest whether the 2009 Will was properly executed, and the will contained a self-proving affidavit.

4

THE WITNESS: I wasn't totally sure what I was witnessing other than his signature on the piece of paper.

THE COURT: So Mr. Youngblood never told you this was his will, did he?

THE WITNESS: I was trying to remind myself the other day. I cannot remember them saying what I was signing.

At the conclusion of trial, the court stated the following:

> [W]e have one witness who is totally disinterested and has a clear memory of what happened and that, again, is Gary Pastwa the next-door neighbor. He was asked to come over and he was asked to witness Mr. Youngblood's signature on this document. When specifically asked, Gary Pastwa testified the decedent never acknowledged that he was revoking his prior will. He never acknowledged the new document as a will. And that Mr. Pastwa said he didn't even know he was witnessing a will.

> That is required under Texas law that the person whose will it is has to acknowledge this is my will and I am asking you to sign it as witnesses, that this is my last will and testament. Mr. Pastwa is the only person who is disinterested, has no fight with anybody, and has a clear memory of what happened. And he said that never happened.

> Because of that, I am going to deny the application to admit the 2016 Will to probate finding that it was not done correctly . . . .

In addition, the trial court's judgment and order admitting the 2009 Will to probate stated the following findings:

- "The 2016 Will offered for probate by the [Will Contestants] was not executed with the required formalities, and therefore is not valid."

- "The 2009 Will was not revoked by Decedent."

The trial court clearly based its rejection of the 2016 Will based upon the fact Pastwa, the only witness with a clear recollection of the signing of the 2016 Will, could not testify Chester knew he was signing his will and was also revoking his 2009 Will. The court also placed an emphasis on the fact Pastwa stated he did not know at the time of the signing what kind of document Chester was placing his signature upon. The Will

5

Contestants argue there is no requirement under the law the witness must know the document which is being signed is the testator's will, nor is there a requirement the testator make a declaration he is signing his will and revoking his prior wills. We agree with the Will Contestants.

The Estates Code does not require witnesses to read a will or be familiar with its contents in order to make it valid. *See* §§ 256.151, 256.152; *Brown v. Traylor*, 210 S.W.3d 648, 663–68 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (holding that a witness need not know that he or she is signing a will); *accord Jones v. Jones*, 649 S.W.3d 577, 588–89 (Tex. App.—Houston [1st Dist.] 2022, no pet.); *In re Estate of Kam*, 484 S.W.3d 642, 651 (Tex. App.—El Paso 2016, pet. denied). Pastwa's testimony confirmed the 2016 Will was the document he witnessed by testifying about who was there, confirming the signatures and notary, and confirming Chester signed the document. Whether Pastwa himself understood the document signed at the time of the execution is immaterial. §§ 256.151, 256.152; *Brown*, 210 S.W.3d at 663–68. In addition, the credible testimony of only one subscribing witness is sufficient to prove the attestation of a will. § 256.153; *In re Estate of Kam*, 484 S.W.3d at 650–51 ("So long as at least two non-inheriting witnesses attest to the signature, and so long as at least one testifies, the non-self-proving will meets the statutory formalities."); *accord Jones*, 649 S.W.3d at 588.

The trial court, having found Pastwa's testimony credible, could only reach the legal conclusion the 2016 Will was executed with all the required formalities and solemnities. We hold the trial court abused its discretion in finding Chester's 2016 Will invalid. Additionally, because the 2016 Will contains a provision revoking all prior wills and codicils, the 2009 Will should not have been admitted to probate. *See* § 253.002.

6

Accordingly, we must reverse the trial court's judgment. The Will Contestants' first issue is sustained.

## ISSUE TWO—ADMISSION OF VA RECORDS

For their second issue, the Will Contestants complain the trial court erred in admitting certain communications between Chester and the VA. Particularly, they complain the trial court should have sustained their hearsay objection to letters from the VA which informed Chester he would have to appoint a fiduciary to handle his VA business because of a diagnosis from a doctor indicating dementia. The indication of dementia is relevant to the issue of whether Chester had testamentary capacity at the time he executed the 2016 Will.

The trial court, as factfinder, discounted the value of the VA records for determining whether Chester had testamentary capacity at the time of the execution of the 2016 Will.[3] After also discounting the testimony of the interested parties regarding testamentary capacity, the court appears to have relied on the testimony of Pastwa, the only disinterested party with a clear memory of Chester's capacity and the events of the 2016 Will's execution.

Erroneous rulings require reversal only if a review of the record reveals the error was harmful. *Sw. Energy Prod. Co. v. Berry-Helfand*, 491 S.W.3d 699, 728 (Tex. 2016). Here, because the trial court did not make an express finding Chester lacked testamentary capacity to make the 2016 Will, finding instead the will did not meet the

---

[3] The trial court stated: "[Texas] law is very clear that if a person has a fiduciary appointed to receive funds whether it be from the VA or from social security, that is not the same as finding a person having lost testamentary capacity. . . ."

7

required formalities to be valid, the admission of the evidence, even if erroneous, did not prejudice the Will Contestants.

Even if the trial court did err in admitting the VA records, because the trial court discounted the value of the records for determining Chester's testamentary capacity, the error was harmless. TEX. R. APP. P. 44.1(a)(1). We overrule the Will Contestants' second issue.

## CONCLUSION

The trial court's judgment is reversed, and we remand this matter for further proceedings in accordance with this opinion.

Alex Yarbrough
Justice